## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, )<br>     Plaintiff, )<br>v.          )<br>          )<br>PIT STOP BAR AND GRILL, LLC, )<br>          )<br>and         )<br>          )<br>CURTIS HUENEFELD, )<br>          )<br>and         )<br>          )<br>LISA HUENEFELD, )<br>          )<br>     Defendants, )<br>          )<br>and         )<br>          )<br>CHRISTY HIGGENBOTHAM, )<br>          )<br>     Necessary Party. ) | Cause No. |

## **COMPLAINT AND PETITION FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, State Farm Fire and Casualty Company, by and through undersigned counsel of record, and petitions this Court for a declaratory judgment, and in support of which, states:

1. This is an action seeking declaratory relief, brought pursuant to Mo. Rev. Stat. § 527.010 and 28 U.S.C. § 2201 *et seq.*

2. The United States District Court has jurisdiction in this matter pursuant to 21 U.S.C. § 1332, because the amount in controversy exceeds the sum of seventy five thousand dollars ($75,000.00) exclusive of interest and costs, and because complete diversity of citizenship exists between Plaintiff, Defendants, and all Necessary Parties to this action.

3. Plaintiff State Farm Fire and Casualty Company ("State Farm") is, and at all times material to this lawsuit was, an insurance company incorporated in the State of Illinois with its principal place of business in Bloomington, Illinois.

4. Defendant Pit Stop Bar and Grill, LLC is a Missouri citizen for purposes of federal diversity jurisdiction under 28 USC § 1332(c)(1) because it is a limited liability company organized and existing under the laws of the State of Missouri and all members of the limited liability company are citizens and residents of the state of Missouri.

5. Curtis Huenefeld is an individual residing at all times relevant to this Complaint in Warren County, Missouri.

6. Lisa Huenefeld is an individual residing at all times relevant to this Complaint in Warren County, Missouri.

7. Christy Higgenbotham ("Higgenbotham") is an individual, who upon information and belief is a resident of St. Charles County, Missouri, which is within the jurisdiction of this Court who has a direct financial interest in the outcome of any declaratory judgment rendered herein and who is a necessary party to this litigation.

8. Plaintiff issued to Defendant Pit Stop Bar and Grill, LLC a policy of business liability insurance under Policy No. 95-BI-W328-7, with policy limits of $1,000,000.00 with effective dates that encompassed October 23, 2013. The Policy was issued in Missouri to cover a location in Missouri. A certified copy of said Policy is attached hereto as "Exhibit 1."

9. Upon information and belief, Defendants Lisa Huenefeld and Curtis Huenefeld are husband and wife as well as employees of Defendant Pit Stop Bar and Grill, LLC, and Lisa and Curtis Huenefeld are the sole members/owners of Defendant Pit Stop Bar and Grill, LLC.

10. Higgenbotham has filed a Petition in the Circuit Court of Warren County, State of Missouri, under Cause No.: 13AA-CC00053-01 against Curtis Huenefeld, Lisa Huenefeld, and Pit Stop Bar and Grill, LLC. A copy of the Second Amended Petition for Damages (the "Wrongful Death Petition") in that matter is attached hereto as "Exhibit 2."

11. There is no dispute that any award sought by Higgenbotham at trial would be greater than $75,000.00, the threshold requirement for federal jurisdiction to attach. *See* 21 U.S.C. § 1332.

12. In her Wrongful Death Petition, Higgenbotham alleged that she is the biological daughter of Lisa Higgenbotham, deceased, and that on October 23, 2013, Lisa Higgenbotham was killed after being struck by a vehicle driven by Curtis Huenefeld who was driving his 1980 Ford F150 pickup truck home from the Pit Stop Bar and Grill. *See* Exhibit 2, paragraph 2.

13. In her Wrongful Death Petition, Higgenbotham further alleges that at the time of the accident Defendant Curtis Huenefeld was intoxicated, which caused or contributed to cause the accident and that he became intoxicated while working at or being a patron of Defendant Pit Stop Bar and Grill, LLC. *See* Exhibit 2, paragraphs 17, 18, 20, and 30.

14. In her Wrongful Death Petition, Higgenbotham further alleges that Defendant Pit Stop Bar and Grill, LLC is licensed to sell liquor by the drink for consumption on its premises and, on October 23, 2013, that Defendant Curtis Huenefeld served himself alcoholic drinks or was served drinks by other employees of the Pit Stop Bar and Grill, LLC after he was visibly intoxicated. *See* Exhibit 2, paragraphs 60 and 61.

15. In her Wrongful Death Petition, Higgenbotham further alleges that Defendant Curtis Huenefeld was negligent in the operation of his vehicle due to being intoxicated under Missouri common law or pursuant to §577.010 RSMo., as well as for various other claims of

3

negligence in the operation of his vehicle. In addition, the Wrongful Death Petition seeks punitive damages against Defendant Curtis Huenefeld.  *See* Exhibit 2, Counts I – III.

16. In her Wrongful Death Petition, Higgenbotham further alleges that Defendant Pit Stop Bar and Grill, LLC is subject to liability under the Missouri Dram Shop Act (§537.053 RSMo. 2002) in that Defendant Curtis Huenefeld, "was on Defendant Pit Stop Bar and Grill's premises where he was knowingly served and provided alcoholic beverages for consumption by Defendant Pit Stop Bar and Grill employees/agents after he had become visibly intoxicated." *See* Exhibit 2, paragraph 61.

17. In her Wrongful Death Petition, Higgenbotham further alleges that Defendant Pit Stop Bar and Grill, LLC was guilty of negligence for failing to properly train and supervise its employees, failing to have a policy and procedure in place to deal with intoxicated persons including Defendant Curtis Huenefeld when he became intoxicated at work, failing to call a taxicab for Defendant Curtis Huenefeld when he was visibly intoxicated, and for retaining Defendant Curtis Huenefeld as an employee, "when it was foreseeable that he would drink and drive after work and could possibly injure himself or an innocent third party. In addition, the Wrongful Death Petition alleges punitive damages against Defendant Pit Stop Bar and Grill, LLC.  *See* Exhibit 2, paragraph 68, and Count VI.

18. In her Wrongful Death Petition, Higgenbotham further alleges that Defendant Lisa Huenefeld is liable for the death of Lisa Higgenbotham for negligently entrusting her husband, Defendant Curtis Huenefeld with her automobile when she knew he was intoxicated, had a history of drinking and driving, and knew that his driver's license had been suspended for alcohol-related offenses. *See* Exhibit 2, paragraph 77.

19. In her Wrongful Death Petition, Higgenbotham further alleges that Defendant Lisa Huenefeld is liable for the death of Lisa Higgenbotham by failing to adequately train and supervise the employees of Defendant Pit Stop Bar and Grill, LLC, serving alcohol to Defendant Curtis Huenefeld or allowing him to serve himself, allowing him to operate a motor vehicle while intoxicated, for failing to have policies and procedures in place at the Pit Stop Bar and Grill to deal with Curtis Huenefeld when he became intoxicated, for dealing with bar employees regarding drinking at work, and for negligent retention of Defendant Curtis Huenefeld. In addition, the Wrongful Death Petition seeks punitive damages against Defendant Lisa Huenefeld. *See* Exhibit 2, paragraph 77, and Count VIII.

20. Defendants Lisa Huenefeld, Curtis Huenefeld, and Pit Stop Bar and Grill, LLC have tendered the above-described lawsuit to Plaintiff requesting that each of them be provided a defense and indemnified for any liability that may be imposed under the Wrongful Death Petition under the business policy issued by Plaintiff.

21. State Farm issued a reservation of rights letter Defendants Lisa Huenefeld, Curtis Huenefeld, and Pit Stop Bar and Grill, LLC regarding their demand for defense and indemnity under the State Farm policy, creating an actual controversy that is ripe for determination within the meaning of 28 U.S.C. § 2201, and this court is vested with the power to declare and adjudicate the rights and legal relationships of the parties to this action, in which State Farm will be subject to substantial peril and expense absent such determination.

22. Declaratory relief is proper because to resolve the controversy between these parties as to their respective rights, status, and other legal and equitable relations in, to, and with reference to the business policy issued to Defendant Pit Stop Bar and Grill LLC and the demand by Defendants Lisa Huenefeld, Curtis Huenefeld, and Pit Stop Bar and Grill, LLC that State

Farm defend and indemnify them under the business liability policy with regard to the Wrongful Death Petition filed by Higgenbotham.

23. Under the Businessowners' Liability policy (Exhibit 1), liability coverage is provided as follows:

**Coverage L – Business Liability**

1. When a Limit Of Insurance is shown in the Declarations for **Coverage L – Business Liability** we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured by counsel of our choice against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" with or without the insured's consent, for any reason and at any time. But:

    a. The amount we will pay for damages is limited as described in **SECTION II – LIMITS OF INSURANCE**; and

    b. Our right and duty to defend end when we have used up the applicable Limit Of Insurance in the payment of judgments or settlements or medical expenses.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II – Supplementary Payments**.

19. The determination of who is an insured under the Policy is set forth as follows:

**SECTION II – WHO IS AN INSURED**

1. Except for liability arising out of the use of "non-owned autos":
    a. If you are designated in the Declarations as:
        **(1)** An individual, you and your spouse are insureds, but only with respect to the conduct of a business, other than described in **(2)** through **(5)** below, of which you are the sole owner.

        **(2)** A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.

        **(3)** A limited liability company, you are an insured. Your "members" are also insureds, but only with respect to the conduct of your business. Your

6

"managers" are insureds, but only with respect to their duties as your "managers".

**(4)** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**(5)** A trust, you are an insured. Any executor, administrator, trustee, beneficiary or custodian of your estate or living trust are also insureds, but only while acting within the scope of their duties as such.

**b.** Each of the following is also an insured:

(1) Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your "managers" (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

**(a)** "Bodily injury" or "personal and advertising injury":

  **i.** To you, to your partners or members (if you are a partnership or joint venture), to your "members" (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

  **ii.** To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph **i.** above; or

  **iii.** For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph **i.** or **ii.** above.

**(b)** "Property damage" to property:

  **i.** Owned, occupied or used by,

  **ii.** Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any "member" (if you are a limited liability company).

7

  **(2)** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

  **(3)** Any person or organization having proper temporary custody of your property if you die, but only:

   **(a)** With respect to liability arising out of the maintenance or use of that property; and

   **(b)** Until your legal representative has been appointed.

  **(4)** Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this policy.

**c.** With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured but only with respect to liability arising out of the operation of the equipment and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

  **(1)** "Bodily injury" to a person employed by the same employer of the person driving the equipment; or

  **(2)** "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

**d.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

  **(1)** Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

  **(2)** There is no coverage for:

   **(a)** "Bodily injury" or "property damage" that occurred; or

   **(b)** "Personal and advertising injury" arising out of an offense committed;

  before you acquired or formed the organization.

8

24. The State Farm Policy includes the following exclusions:

1. **Expected Or Intended Injury**

    a. "Bodily injury" or "property damage" expected or intended to cause harm as would be expected by a reasonable person; or

    b. "Bodily injury" or "property damage" which is the result of willful and malicious, or criminal acts of the insured.

    This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

….

3. **Liquor Liability**

    a. "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

    (1) Causing or contributing to the intoxication of any person;

    (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

    (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

    b. This exclusion applies only if you:

    (1) Manufacture, sell or distribute alcoholic beverages; or

    (2) Serve or furnish alcoholic beverages;

        (a) As a regular part of your business;

        (b) For a charge whether or not such activity;

            i.. Requires a license; or

            ii. Is for the purpose of financial gain or livelihood; or
        (c) Without a charge, if a license is required for such activity.

….

8. **Aircraft, Auto or Watercraft**

    "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use also includes operation and "loading or unloading".

    This exclusion applies even if the claims alleged negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured if the "occurrence: which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of

any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

**a.** A watercraft while ashore on premises you own or rent;

**b.** A watercraft you do not own that is:

   **(1)** Less than 51 feet long; and

   **(2)** Not being used to carry persons or property for a charge;

**c.** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or any insured;

**d.** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft;

**e.** "Bodily injury" or "property damage" arising out of the use or any "non-owned auto" in your business by any person; or

**f.** "Bodily injury" or "property damage" arising out of:

   **(1)** The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment: if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance or motor vehicle registration law where it is licensed or principally garaged; or

   **(2)** The operation of any of the following machinery or equipment;

      **(a)** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

      **(b)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

25. The State Farm Policy includes the following definitions:

   **2.** "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment."

   However, "auto" does not include "mobile equipment".

   **3.** "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury caused by the "bodily injury".

   **….**

   **15.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

10

    **a.** Bulldozers, farm machinery, forklifts, and other vehicles designed for use principally off public roads;

    **b.** Vehicles maintained for use solely on or next to premises you own or rent;

    **c.** Vehicles that travel on crawler treads;

    **d.** Vehicles, whether self-propelled or not, on which are permanently mounted:

        **(1)** Power cranes, shovels, loaders, diggers, or drills; or

        **(2)** Road construction or resurfacing equipment such as graders, scrapers or rollers;

    **e.** Vehicles not described in Paragraph **a.**, **b.**, **c.**, or **d.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

        **(1)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

        **(2)** Cherry pickers and similar devises used to raise or lower workers;

    **f.** Vehicles not described in Paragraph **a.**, **b.**, **c.**, or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

    However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

        **(1)** Equipment designed primarily for:

            **(a)** Snow removal;

            **(b)** Road maintenance, but not construction or resurfacing; or

            **(c)** Street cleaning;

        **(2)** Cherry pickers and similar devises mounted on automobile or truck chassis and used to raise or lower workers;

        **(3)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well serving equipment.

**….**

11

**18.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from, wrongful, entry into, or invasion of the right of privacy, of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization's goods, products or services;

    **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.** The use of another's advertising idea in your "advertisement"; or

    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**....**

**21.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physical injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts, or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devises or any other repositories of computer software which are used with electronically controlled equipment. The term computer programs, referred to in the foregoing description of electronic data, means a set of related electronic instructions which direct the operations and functions of a computer

or device connected to it, which enable the computer or device to receive, process, store, retrieve or send data.

26. Upon information and belief, at the time of the automobile accident described in the Wrongful Death Petition, Defendant Curtis Huenefeld had ended his work shift several hours before leaving Pit Stop Bar and Grill and was on his way home when the accident occurred. As such, he would not qualify as an insured because he was not conducting any business for the named insured Pit Stop Bar and Grill, LLC, nor was he performing any duties as a manager for Defendant Pit Stop Bar and Grill, LLC.

27. As to any insured under the Policy, to the extent that they could reasonably have expected the injuries that caused the death of Lisa Higgenbotham from the actions taken surrounding the consumption of alcohol by Defendant Curtis Huenefeld, such liability would be excluded under Exclusion No. 1 for expected or intended injury.

28. To the extent that claims made in the Wrongful Death Petition arise out of the ownership, maintenance or use or entrustment to others of any "auto," including claims of negligent supervision, hiring, employment, training, or monitoring of others of any "auto" would be excluded under Exclusion No. 8, Aircraft, Auto or Watercraft in that Defendant Curtis Huenefeld was operating an "auto" within the meaning of the Policy's definition at the time of the accident.

29. To the extent any liability under the Wrongful Death Petition is premised on furnishing or allowing alcoholic beverages to be consumed by Defendant Curtis Huenefeld, including the violation of Missouri's dram shop law, would be excluded under Exclusion No. 3, Liquor Liability.

30. The separate requests for punitive damages in the Wrongful Death Petition are not covered under Plaintiff's business liability policy, in that the policy does not provide for such

coverage in that such damages do not constitute "bodily injury", "property damage", or "personal and advertising injury" within the meaning of the coverage language. In addition, Missouri Courts have held that insuring punitive damages would violate Missouri public policy and, therefore, any attempt to do so would be void.  *See*, e.g., *Union L.P. Gas Sys., Inc. v. Int'l Surplus Lines Ins. Co.*, 869 F.2d 1109 (8th Cir. 1989).

31.	To the extent claims are made in the Wrongful Death Petition that fall outside of liability imposed under Missouri's dram shop law (§527.053 RSMo.), such claims are not cognizable under Missouri law (See, e.g., *Auto Owners Mutual Insurance Company v. Sugar Creek Memorial Post No. 3976*, 123 S.W.3d 183 (Mo.App.W.D. 2003).

WHEREFORE, Plaintiff prays for an Order of this Court declaring the rights of the parties herein and in particular that:

a.	The business liability policy issued by State Farm to Pit Stop Bar and Grill, LLC does not apply to any and all claims made in the Warren County Cause No. 13AA-CC00053-01, *Higgenbotham v. Huenefeld et al.*

b.	There is no liability coverage for Defendants Pit Stop Bar and Grill, LLC, Lisa Huenefeld, and Curtis Huenefeld in the wrongful death lawsuit, Warren County Cause No. 13AA-CC00053-01, *Higgenbotham v. Huenefeld, et al.*

c.	Plaintiff State Farm Fire and Casualty Company has no obligation to defend Defendants Pit Stop Bar and Grill, LLC, Lisa Huenefeld, and Curtis Huenefeld in the wrongful death lawsuit, Warren County Cause No. 13AA-CC00053-01, *Higgenbotham v. Huenefeld, et al.*;

d.	 Plaintiff State Farm Fire and Casualty Company has no obligation to indemnify Defendants Pit Stop Bar and Grill, LLC, Lisa Huenefeld, and Curtis Huenefeld for any

judgments that may be entered against them in the wrongful death lawsuit, Warren County Cause No. 13AA-CC00053-01, *Higgenbotham v. Huenefeld, et al.*;

  e. Any claims in the Wrongful Death Petition brought by Christy Higgenbotham in Warren County Cause No. 13AA-CC00053-01, *Higgenbotham v. Huenefeld, et al.* that would not be otherwise specifically excluded are beyond the scope of coverage under the State Farm Policy or not cognizable under Missouri law and do not provide a basis for coverage, defense obligations, or indemnity obligations under State Farm's Policy; and

  f. and provide for such further declaration or relief as the Court sees necessary and just under the premises.

         Respectfully submitted,

         **RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, L.L.C.**

         BY:  */s/ Kevin P. Schnurbusch*
           Kevin P. Schnurbusch  #33243
           Hopey A. Gardner   #59771
           *Attorneys for Plaintiff*
           500 N. Broadway, Suite 1550
           St. Louis, MO 63102
           (314) 421-4430
           (314) 421-4431/fax
           E-Mail: kschnurbusch@rssclaw.com
              hgardner@rssclaw.com

## CERTIFICATE OF SERVICE

  The undersigned hereby states that the foregoing was served via the Court's electronic filing system on January 20, 2015 and via First Class U.S. Mail, postage prepaid, upon:

Brent A. Sumner
The Sumner Law Group, LLC
911 Washington Avenue, Suite 400
St. Louis, MO 63101
*Attorney for Christy Higgenbotham*
*in Warren County Circuit Court*
*Cause No.: 13AA-CC00053-01*

          */s/ Kevin P. Schnurbusch*