UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASULATY COMPANY, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-CV-159 (CEJ) |
| | ) | |
| PIT STOP BAR AND GRILL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on the motion of necessary party Christy Higgenbotham to dismiss pursuant to the doctrine of abstention. Plaintiff has responded in opposition.

### I.    <u>Background</u>

This is an action declaratory relief pertaining to a policy of insurance issued by plaintiff State Farm Fire and Casualty Company (State Farm) to defendant Pit Stop Bar and Grill, LLC (Pit Stop Bar). Prior to the filing of this action, Christy Higgenbotham initiated a wrongful death action in state court, alleging that Pit Stop Bar, Curtis Huenefeld and Lisa Huenefeld, an employee and owner of Pit Stop Bar, negligently caused the death of her mother. <u>Higgenbotham v. Huenefeld, et al.</u>, Cause No. 13AA-CC00053-01 (Mo. Cir. Ct. 2014). The decedent was a pedestrian killed on October 24, 2013 after being struck by a vehicle owned and operated by Curtis Huenefeld. In the second amended petition filed in state court, Higgenbotham alleged that Pit Stop Bar was liable for Curtis Huenefeld's conduct under the Missouri Dram Shop Act, Mo. Rev. Stat. § 537.053. [Doc. #1-4]. Pit Stop Bar and the Huenefelds tendered the wrongful death action to State Farm,

demanding that State Farm defend and indemnify them under the business liability policy at issue.

On January 20, 2015, State Farm filed the instant action pursuant to 28 U.S.C. § 2201, seeking a declaration that the business liability policy does not apply to any of the claims in the wrongful death case and that State Farm has no obligation to defend or indemnify Pit Stop Bar or the Huenefelds. On June 4, 2015, Higgenbotham filed a third amended petition in the state court action, naming only Pit Stop Bar as a defendant. Higgenbotham's third amended petition asserts claims of respondeat superior and negligent retention arising from its employment relationship with Curtis Huenefeld. [Doc. #18-1]. The dram shop claim is omitted.

In the motion to dismiss, Higgenbotham asks the Court to exercise its discretion as permitted by 28 U.S.C. § 2201 and abstain from hearing this declaratory judgment action.

## II.  Discussion

"The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Allegheny Cnty. v. Frank Mashuda Co., 360 U.S. 185, 188 (1959). "Generally, a federal district court must exercise its jurisdiction over a claim unless there are 'exceptional circumstances' for not doing so." Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 996 (8th Cir. 2005) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16-19 (1983)); see Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976) (stating that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction

given them"). However, when a federal complaint seeks relief pursuant to the Declaratory Judgment Act, district courts possess "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). "This broader discretion arises out of the Declaratory Judgment Act's language that a court '*may* declare the rights and other legal relations of any interested party seeking such declaration.'" Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 792 (2008) (emphasis in original) (quoting 28 U.S.C. § 2201(a)). The Supreme Court in Wilton reemphasized that the Declaratory Judgment Act is properly characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." 515 U.S. at 287 (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).

The scope of a district court's discretion to abstain from exercising jurisdiction under the Declaratory Judgment Act depends upon whether a "parallel" state court action was pending when the plaintiff brought the declaratory judgment action. Scottsdale, 426 F.3d at 999. When a parallel state court action is pending, a district court enjoys broad discretion, guided by considerations of judicial economy. Id. at 997. When no such parallel state action is pending, discretion to abstain exists but is less broad. See id. at 998 (adopting a six-factor test to guide district court discretion in the absence of a parallel state action). The threshold issue for identifying the extent of a district court's discretion, thus, is the determination of whether the federal and state suits are parallel. "Suits are parallel if 'substantially the same parties litigate substantially the same issues in different

forums.'" Id. at 997 (quoting New Beckley Mining Corp. v. Int'l Union, United Mine Workers, 946 F.2d 1072, 1073 (4th Cir. 1991)).

In Scottsdale the Eighth Circuit held that there were no parallel proceedings pending in state court because (1) the insurer was not a party to the suit pending in state court; and (2) the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of insurance coverage. 426 F.3d at 997; see also Continental Cas. Co. v. Advance Terrazzo & Tile Co., Inc., 462 F.3d 1002, 1006 (8th Cir. 2006) (same). The same is true in this case. The underlying state court action is between Higgenbotham and Pit Stop Bar; State Farm is not a named party in that action. Also, the state court action deals with Pit Stop Bar's liability for the wrongful death, but the declaratory judgment action here deals with whether or not State Farm must defend and indemnify Pit Stop Bar under the business liability policy at issue. The Court concludes, therefore, that the suits are not parallel, "for the state court proceedings involve parties, arguments, and issues different from those in the federal court proceedings." Scottsdale, 426 F.3d at 997. The fact that the proceedings may have overlapping factual issues is insufficient to find that the suits are parallel. Id.

When no parallel state action is pending, district courts still retain discretion to abstain, but that discretion is less broad and should be exercised according to a six-factor test the Eight Circuit adopted in Scottsdale:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action in pending;

> (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

Id. at 998 (quoting and adopting a test articulated by the Fourth Circuit in Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 422) (4th Cir. 1998)) (internal brackets and quotations omitted).

In support of the instant motion, Higgenbotham argues that the issue of Pit Stop Bar's liability in the state court action and State Farm's coverage obligations in this action both turn on whether Curtis Huenefeld was acting within the course and scope of his employment at the time of the accident. In her third amended petition, Higgenbotham alleges that Curtis Huenefeld was acting within the course and scope of his employment by Pit Stop Bar at the time of the accident and that Pit Stop Bar was negligent in hiring and retaining Curtis Huenefeld.

Under the doctrine of respondeat superior in Missouri, an employer is liable for the misconduct of an employee acting within the course and scope of his employment. State ex rel. Green v. Neill, 127 S.W.3d 677, 678–79 (Mo. banc 2004). "An act is within the course and scope of employment if: (1) even though not specifically authorized, it is done to further the business or interests of the employer under his 'general authority and direction' and (2) it naturally arises from the performance of the employer's work." Dibrill v. Normandy Assocs., Inc., 383 S.W.3d 77, 89–90 (Mo. Ct. App. 2012) (quoting Daugherty v. Allee's Sports Bar & Grill, 260 S.W.3d 869, 872–73 (Mo. Ct. App. 2008)). To establish a claim of negligent retention in Missouri, "a plaintiff must show: (1) the employer knew or

should have known of the employee's dangerous proclivities, and (2) the employer's negligence was the proximate cause of the plaintiff's injuries." Gibson v. Brewer, 952 S.W.2d 239, 246 (Mo. banc 1997). To sustain a negligent retention claim, the plaintiff must plead and prove an employer-employee relationship existed. Storey v. RGIS Inventory Specialists, LLC, No. ED 101817, 2015 WL 2201565, at *5 (Mo. Ct. App. May 12, 2015). Accordingly, Curtis Huenefeld's employment relationship with Pit Stop Bar and whether he was acting within the course and scope of his employment when he caused the death of Lisa Higgenbotham are central issues in the state court action.

An employee acting within the scope of his employment or performing duties related to the conduct of the employer's business constitutes an insured under the business liability policy issued by State Farm to Pit Stop Bar. [Doc. #1-3, p. 31]. The policy contains a number of exclusions to which the insurance does not apply. One such exclusion pertains to bodily injury "arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured." [Doc. #1-3, p. 26]. The auto exclusion does not apply, however, to bodily injury "arising out of the use of any 'non-owned auto' in [the employer's] business by any person." Id. A "non-owned auto," in turn, means "any 'auto' you do not own . . . which is used in connection with your business," including "'autos' owned by or registered to your 'employees.'" [Doc. #1-3, p. 36]. The parties have alleged that Curtis Huenefeld was an employee of Pit Stop Bar at all relevant times and that he owned the vehicle that struck the decedent. Compl. ¶ 26 [Doc. #1]; Huenefeld Personal Auto Policy [Doc. #10-2]. Thus, a threshold issue for determining the extent of insurance coverage, if any, is

dependent upon whether Huenefeld was using his vehicle in connection with Pit Stop Bar's business at the time of the accident.

Turning to application of the <u>Scottsdale</u> factors, 426 F.3d at 998, the first and second factors—"whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue" and "whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding"—support the exercise of jurisdiction. A declaration from this Court as to the scope of the insurance policy's coverage will clarify legal relationships and provide relief from uncertainty to the parties. The third factor is neutral since Missouri state courts do not have a special interest in resolving routine insurance policy construction disputes and issues of Missouri contract law are commonly before this Court. The sixth factor is likewise neutral as it does not appear that State Farm intended to use the declaratory judgment action "merely as a device for procedural fencing . . . in a race for res judicata." <u>Id.</u>

The fourth and fifth factors of the <u>Scottsdale</u> test, however, weigh heavily in favor of abstention. Both the respondeat superior claim in the state court action and this insurance coverage declaratory judgment action require a determination of whether Curtis Huenefeld was acting within the scope and course of his employment with Pit Stop Bar. <u>See</u> <u>Cluck v. Union Pac. R.R. Co.</u>, 367 S.2.3d 25, 29 (Mo. banc 2012) ("Whether an act was committed within the scope and course of his employment is not measured by the time or motive of the conduct, but whether it was done by virtue of the employment and in furtherance of the business interest of the employer."). Permitting the federal action to proceed concurrently with the

state action thus would result in an unnecessary entanglement between the two systems due to the presence of overlapping issues of fact and law. Allowing this action to continue runs the risk of inconsistent rulings and would incur a waste of judicial resources. There is no justification for the Court or parties to expend time and resources resolving the same issue twice. The issue of whether Curtis Huenefeld was acting within the scope and course of his employment can be resolved more efficiently in the pending state action where it was directly raised in Higgenbotham's respondeat superior claim. Therefore, the Court will abstain from the exercise of jurisdiction in this matter at this time.

The Court further concludes that this case should be stayed rather than dismissed. "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Wilton, 515 U.S. at 288 n.2; Royal Indem. Co., 511 F.3d at 797–98 (stating that an order staying an action is "only postponement of decision for its best fruition") (quoting Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 29 (1959)). To the extent State Farm believes its claims remain unresolved at the conclusion of the state court action, it may seek to pursue them in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of necessary party Christy Higgenbotham to dismiss [Doc. #9] is **denied.**

**IT IS FURTHER ORDERED** that all proceedings in this action are **stayed** pending the resolution of Cause No. 13AA-CC00053-01 in the Circuit Court of

Warren County, Missouri.  The parties shall promptly notify the Court when the state court proceedings are concluded.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2015.